IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY LEON SCHILLER,

    Plaintiff,

vs.                                    Case No. 4:11cv405-SPM/WCS

N.E. MERCER, et al.,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

This case was remanded for consideration of Plaintiff's objections, docs. 6-7, to the first report and recommendation, doc. 5, that Plaintiff could not submit an *in forma pauperis* motion because prison officials would not provide Plaintiff with the appropriate copies of his inmate bank account. Doc. 8. I reviewed Plaintiff's objections and I note that he essentially stated that he had requested copies of his account statement, but had not received it. Docs. 6, 7. Plaintiff fell short of specifically alleging that officials had *refused* to provide him with the statement. I entered an order January 11, 2012, noting Plaintiff's assertion and stating that if Plaintiff contends that officials *still* refuse to provide him with an account statement, "then Plaintiff must provide the Court with documentary support (copies of inmate requests forms and responses) demonstrating

that Plaintiff" had made attempts to comply with the court order.  Doc. 9.  Plaintiff's response to that order is now before me.  Doc. 10.

Plaintiff submitted an affidavit which avers retaliation and threats by numerous prison officials and states that he was "placed in the box" for filing grievances.  Doc. 10.  Plaintiff claims that Officer Hoffman took his "property and legal work."  *Id.*  Plaintiff states that he continues to ask for his 6 months account, but he continues to be denied.  *Id.*  Plaintiff continues to fail to support that claim with any documentary proof.  Plaintiff fails to provide even one copy of an inmate request form or complaint *previously sent* to obtain the relevant bank account statement.  Plaintiff should be able to provide a copy of one such request made in the five months since he was directed to submit the properly supported *in forma pauperis* motion.

Instead of providing the supporting evidence for his claim that officials refuse to assist him by providing a copy of his inmate bank account statement, Plaintiff has attached a copy of one grievance.  The copy Plaintiff submits purports to be a copy of an official D.O.C. Inmate Request form.  Doc. 10, p. 2.  On the front side of the form, Plaintiff strikes through Inmate Request, and designates it as an Informal Grievance.  *Id.*  In the body of the form, Plaintiff makes allegations of retaliation for having written grievances and states he was placed in the "box" for filing grievances.  *Id.*  Plaintiff claims that all of his grievances were stolen or are missing.  *Id.*  Plaintiff dated the form February 1, 2012.  *Id.*  That date was just the day before Plaintiff mailed his response to the Court.  That grievance is not proof of Plaintiff's earlier efforts to comply with court orders, and the content has nothing to do with Plaintiff's allegations that officials fail to provide Plaintiff with a copy of his inmate account statement.  Furthermore, the form's

Case No. 4:11cv405-SPM/WCS

authenticity is questionable as the backside of the form is a Packing List from Global Computer Supplies, to Liberty Correctional Institution, and references an Order Number and date of March 23, 2003.  Experience in reviewing inmate grievances and department forms reveals that forms are not printed on the reverse side of packing lists.

Plaintiff has not shown a good faith effort to comply with court orders.  Plaintiff has had ample opportunity to proceed, but has not done so.  Plaintiff's allegations in the complaint, doc. 1, concern events from June and July, 2011.  The claims will not be time barred should Plaintiff desire to pursue them at a later time, when he is prepared to comply with court orders.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff has failed to comply with court orders to prosecute this case and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 7, 2012.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**